WILLIAM CHAMBERS, APPELLANT, *v.* MARY ANN
CHAMBERS, ELIZABETH MAURY, AND HER HUS-
BAND, R. F. MAURY, RESPONDENTS.

DESCENT OF LANDS UNDER THE DONATION ACT.—The restrictions upon the
descent of lands granted under § 4 of the Act of Congress, relating to
public lands in Oregon, approved September 27, 1850—commonly called
the Donation Act—do not apply to lands granted under § 5 of the same
Act.

IDEM.—Lands granted under § 5 of said Act descend in accordance with
the provisions of the Statute of Descents, and of the common law.

APPEAL from Jackson County.

This suit was commenced in the Circuit Court for Jack-
son County, at its November term, 1870, to have the rights
of the parties to Donation Land Claim 66 declared, and
for assignment of dower and partition. The complaint
alleges, that in the year 1852, Aaron Chambers, the father
of the plaintiff, and Waity Ann Chambers, his wife, took
up Donation Land Claim No. 66, in Jackson County,
Oregon, and made proof of residence and cultivation, as
required by the Donation Act of 1850, and the amendments
thereto; that said donation claim was divided by the Reg-
ister and Receiver at Roseburg, and the north half assigned
to Waity Ann Chambers, and the south half to Aaron Cham-
bers; that on July 20, 1859, Waity Ann Chambers died,
leaving her surviving husband, and her son (by a former
husband), John W. Manning, her only heirs at law; that
on August 19, 1865, a patent for said donation claim issued
to said Aaron and Waity Ann Chambers; that on Septem-
ber 13, 1869, said Aaron Chambers died intestate, seized
and possessed of the south half of said donation claim, and
the undivided half of the north half of said claim, and also
seized in fee of the fractional southwest quarter of section
10, and fractional west half of section 15, township 37
south, range 2 west, and leaving the plaintiff, William
Chambers, and defendant, Elizabeth Maury, his only
children and heirs at law, and defendant, Mary Ann
Chambers, his surviving widow; that after the death of
Waity Ann Chambers, the defendant Mary Ann Chambers

purchased the interest of John W. Manning in said dona-
tion claim, and by virtue of said purchase now claims the
whole of the north half of said claim; that plaintiff is ad-
vised and believes that said Mary Ann Chambers is only
entitled to one half of the north half of the said donation
claim and to dower in the remainder of said land, and
therefore prays that the rights of the several parties be de-
clared and set apart, and that the dower of Mary Ann
Chambers be set apart and assigned to her.

The answer of Mary Ann Chambers admits that Aaron
Chambers and Waity Ann, his wife, took up said donation
claim in 1852, under the fifth section of the Donation Act
of 1850, and resided on said claim four consecutive years,
and that the north half was assigned to Waity Ann Cham-
bers as her half of said claim; that said Waity Ann Cham-
bers died July 20, 1859, but denies that Aaron Chambers
was her heir at law; that Aaron Chambers died September
13, 1869, in possession of said claim, but avers that his pos-
session of the north half thereof was by right of curtesy,
and not as owner. It avers that the said Waity Ann was
the owner in her own right of the north half of the said
claim at the date of her death, on July 20, 1859, by virtue
of four years' residence and cultivation, under the fifth sec-
tion of the Donation Act (dated September 27, 1850), and
was entitled to a patent from the United States for the
same, and that afterwards the patent issued, bearing date
August 19, 1865, and granted to said Waity Ann Chambers
and her heirs the north half of said claim; that John W.
Manning was, at the time of her death, her only lineal
descendant and sole heir at law, and as such inherited the
said north half of said donation claim; that on August 12,
1869, by deed duly executed, he conveyed all his interest
in said claim to defendant, Mary Ann Chambers, for the
sum of $2000; that she is justly entitled to said north half
of said claim and to dower in the remainder thereof, for
which she prays.

To this answer plaintiff interposed a demurrer, for the
following reasons:

"1. The answer does not state facts sufficient to constitute any defense to this suit.

"2. It admits the land was acquired by residence, cultivation, notice and proof, according to the Act of Congress of September 27, 1850, and that the patent did not issue until after the death of the second wife of Aaron Chambers.

"3. The Donation Act gives the land in case of the death of either claimant before patent issues, to the survivor and children or heirs of the deceased, in equal proportions."

The Court overruled the demurrer and dismissed the suit, and from this judgment plaintiff, William Chambers, and defendants, Elizabeth Maury and R. F. Maury, appeal.

*B. F. Dowell and E. B. Watson*, for Appellant.

*C. W. Kahler and J. F. Watson*, for Respondents.

By the Court, McARTHUR, J.:

The only question pressed upon the attention of this Court was that in relation to the descent of the north half of the donation land claim described in the pleadings. The other question in relation to the partition and assignment of dower raised by the demurrer to the answer was not argued. It was admitted that John W. Manning was the only lineal descendant of Waity Ann Chambers, and that she was the owner of the land described in the grant, and that she obtained it under and by virtue of § 5 of the Donation Act, as the "Act of Congress, relating to public lands in Oregon," approved September 27, 1850, is commonly designated. Appellant's counsel urge that the restrictions placed upon the descent of lands acquired under and by virtue of § 4, which provides, among other things, that "when either shall have died before patent issues, the survivor and children, or heirs of the deceased, shall be entitled to the share or interest of the deceased, in equal proportions," apply with equal force to lands acquired under and by virtue of § 5 of said Act.

It will be noticed that the grants made in §§ 4 and 5 of the Act are separate and distinct grants of different quanti-

ties of land to different classes and descriptions of persons. Also that the provision in § 4 changes the rule of descents from that of the common law and that of our statute, and that the conditions attached to a grant under § 5 are in many respects different from those to a grant under § 4. Though embraced in the same Act the two sections are entirely independent of each other so far as the restrictions upon descent are concerned. The provision in § 4 in relation to descents being in derogation of the common law should be strictly construed. It should not be extended in its operation over any property not expressly included in its terms. The words " and in all cases when such married persons have complied with the provisions of this Act so as to entitle them to the grant as above provided," which almost immediately precede the words "when either shall have died before patent issues, the survivor and children or heirs of the deceased shall be entitled to the share or interest of the deceased in equal proportions," clearly limit the restrictions upon the descent to the lands granted to settlers who have complied with the requirements as above provided, and they do not extend to the lands granted to settlers who comply with the requirements specified in subsequent sections. The language of that part of § 4 restricting the descent is clear, and in our opinion applies exclusively to lands granted under that section. Waity Ann Chambers held the north half of the Donation Claim under § 5, and as there are no restrictions placed upon the descent of lands acquired by virtue of said section, it follows that the provisions of the statute of descents and of the common law apply. In accordance therewith it descended upon her death to John W. Manning, her only lineal descendant, charged with the curtesy of Aaron Chambers, her husband, since deceased. Manning for a valuable consideration sold and conveyed it to Mary Ann Chambers, in whom the title now rests.

It follows from the above that in overruling the demurrer and dismissing the suit the Court below did not err.

Decree affirmed.